# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>DAVID ASHARD SAMILTON, )<br>)<br>Defendant. ) | Case No. CR-20-284-F |

## ORDER

The court clerk has received from defendant a letter requesting an extension of time to file a 28 U.S.C. § 2255 motion and the appointment of counsel. *See*, doc. no. 87.

A request to the court must be in the form of a motion. *See*, Rule 47(a), Fed. R. Crim. P. ("A party applying to the court for an order must do so by motion."). The court does not respond to requests contained in a letter and does not rule on correspondence. In addition, any motion filed must conform to this court's Local Criminal Rules and Federal Rules of Criminal Procedure. Defendant's *pro se* status does not exempt him from these requirements. *See*, Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

In any event, the court advises defendant that it lacks the authority to extend the deadline for filing a § 2255 motion. *See*, Washington v. United States, 221 F.3d 1354, 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000) (unpublished decision cited as persuasive pursuant to 10th Cir. 32.1(A)). "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes

Congress' clear intent to accelerate the federal habeas process." *Id*. (citation omitted).[1]

The deadline to file a § 2255 motion is subject to equitable tolling, but "'the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed, and the statute of limitations has been raised by the respondent or the court *sua sponte*.'" United States v. Daniels, 191 Fed. Appx. 622 (10th Cir. 2006) (quoting United States v. Verners, 15 Fed. Appx. 657, 660 (10th Cir. 2001)) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

The court also advises defendant that there is no right to counsel beyond the direct appeal of a conviction. Swazo v. Wyoming Department of Corrections, 23 F.3d 332, 333 (10th Cir. 1994). An exception to the general rule exists when an evidentiary hearing is required for a § 2255 proceeding. *Id*. At this juncture, the court cannot say that an evidentiary hearing will be required. And while the court has discretion to appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), the court also cannot say, based on defendant's letter, that the interests of justice so require. The court notes that the issues defendant mention in his letter are not unusually complex, legally or factually, and it appears to the court that defendant can adequately articulate those issues.

DATED this 13th day of December, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0284p016.docx

---

[1] The court notes that if a defendant does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, his judgment of conviction is "final[,]" and the one-year limitation period begins to run "when the time for filing a certiorari petition expires." United States v. Burch, 202 F.3d 1274, 1276, 1279 (10th Cir. 2000).

2